**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 30 2020

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-30265 |
| | ) | |
| Diana Labiche, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 20-03026 |
| | ) | |
| Diana Labiche, | ) | Hon. John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Directions Credit Union, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the court on Defendant Directions Credit Union's ("Defendant") Motion to Dismiss Adversary Proceeding ("Motion") [Doc. #5], filed on June 3, 2020. Plaintiff Diana Labiche filed a Response on June 16, 2020. [Doc. #14].

On June 17, 2020, this court held a pre-trial conference [Doc. #15] and continued the

hearing to July 21, 2020. [Doc. #18]. At the hearings, the court gave Plaintiff the opportunity to amend the Complaint [Doc. #1], however, Plaintiff did not do so.

## LAW AND ANALYSIS

### I. Legal Standard

A motion brought by a defendant to dismiss an adversary proceeding is governed by Civil Rule 12(b), made applicable to this proceeding by Bankruptcy Rule 7012(b). Civil Rule 12(b) enumerates seven separate grounds upon which a motion to dismiss may be based.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.*

The United States Supreme Court has further explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent

20-03026-jpg    Doc 19    FILED 09/30/20    ENTERED 09/30/20 18:00:47    Page 2 of 6

> with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> …
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id.* Further, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir.2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)).

## DISCUSSION

Defendant seeks dismissal of the Complaint pursuant to Rules 8, 10, and 12(b)(6). First, Defendant argues Plaintiff's Complaint does not set forth a short and plain statement of the claim showing that the pleader is entitled to relief because the statements are not clearly stated and well pled as required under Federal Rule of Civil Procedure 8(a). [Doc. #5, p. 2]. Second, by failing to comply with the pleading requirements under Rule 10, Plaintiff has made it impossible to ascertain the claims being made. [*Id.*]. Additionally, the Defendant points the court to the claim for relief conflicting with the vague claims in the body of the Complaint. [Doc. #5, p. 3]. Lastly, Defendant argues that Plaintiff failed to adequately plead jurisdiction as required by Federal Rule of Civil Procedure 8 and Federal Rule of Bankruptcy Procedure 7008. [*Id.*].

Plaintiff filed a Response to Motion to Dismiss [Doc. #14, p. 1] and asserts that Plaintiff has a claim for the violation of the discharge injunction. [*Id.*]. Plaintiff asserts that Defendant withholding the titles to the vehicles under the Reaffirmation Agreement violates the discharge injunction. [*Id.*]. Plaintiff then asserts there is a substantial question of law that this court needs

to decide. [Doc. #14, p. 2].

Plaintiff's Complaint is five pages and has no numbered paragraphs. Instead, it contains multiple, unnumbered allegations.[1] [Doc. #1]. Plaintiff's Complaint also makes references to attached exhibits, which were not included. [Doc. #1, p. 2]. Plaintiff refers to multiple cases from various jurisdictions throughout the Complaint. [*Id.*].

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that each allegation must be simple, concise, and direct." Under Rule 10(b) a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff has failed to separate each cause of action or claim for relief into separate counts, nor does the Complaint provide a short and plain statement of the claim, or claims, as required under Rule 10(b). This violates Rule (8)(a)(2)'s requirement that Plinatiff provide Defendant with "adequate notice of the claims against them and the grounds upon which each claim rests." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020)(citation omitted). The Sixth Circuit has recognized that this type of "shotgun pleading" violates Rule 10(b). *Id.* at 893 ("*Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (holding that one count of complaint, which raised five causes of action, was impermissible 'kitchen sink' pleading)").

Plaintiff's Complaint violates Federal Rule of Civil Procedure 10(b) because it does not contain any numbered paragraphs. The second paragraph of the Complaint begins on the first

---

1/ The court remains concerned about the underlying facts in this case, involving additional terms that were not part of the reaffirmation agreement available for the court's review. The failure to fully disclose all the terms of a reaffirmation agreement prevents the court from fulfilling its statutory obligation under §524. Sanctions have been imposed for similar failures to comply with the Bankruptcy Code's reaffirmation agreement disclosure requirements.

page. [Doc. #1, p. 1]. The second paragraph ends on the third page. [Doc. #1, p. 3]. In the second paragraph, Plaintiff refers to two exhibits by letter, but does not include any exhibits.[2]

Moreover, Civil Rule 10(b) uses the world "must." "A party must state its claims and defenses in numbered paragraphs, . . .". Fed R. Civ. P. 10(b). This rule applies to both Plaintiff and Defendant. Here, to file an Answer that complies with Rule 10(b), Defendant would have to essentially parse the allegations and make up numbers. The formatting issues make it needlessly difficult to sort through the numerous allegations and distract from the substance of the Complaint. In short, these violations of the Federal Rules make it unnecessarily difficult for Defendant to formulate an answer to each allegation, since they run together. *See* Fed. R. Civ. P 8(b).

As for the content of the Complaint, Plaintiff repeats allegations multiple times and it is unclear as to when the alleged conduct occurred. Plaintiff refers to multiple reaffirmation agreements, loan agreements, liens, and vehicle titles. The Complaint is, in short, unnecessarily confusing.

At certain points Plaintiff cites to cases discussing partial reaffirmation agreements and a third reaffirmation agreement but then claims the reaffirmation agreements reaffirming the debt pertaining to the vehicles discussed above are valid and are the only reaffirmation agreements.

Finally, the Complaint does not state that this court has jurisdiction[3] as required by Rule 8(a)(1) made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7008. Rule 7008 has an additional specific requirement that the allegation of jurisdiction required by Rule 8(a) "*shall* also contain a reference to the name, number, and chapter of the case under the Code

---

2/ Plaintiff's Response includes two exhibits, the respective Reaffirmation Agreements.

3/ In Plaintiff's Response, Plaintiff asserts "[a]s for jurisdiction, the primary case was filed in this Court, and therefore, the jurisdiction remains with this court." [Doc. #14, p. 2].

to which the adversary proceeding related and to the district and division where the case under the Code is pending." (emphasis added).  Plaintiff did not comply with this requirement. Moreover, Plaintiff did not even include the case numbers in the caption of the Complaint as required under Federal Rule of Bankruptcy Procedure 7010.

For these reasons, the Complaint will be dismissed without prejudice in its entirety for failure to comply with Rules 8 and 10(b).  As expressed in the hearing, these deficiencies can be cured and Plaintiff is granted leave to refile a complaint that complies with the mandatory pleading rules.

**IT IS ORDERED** Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. #5] is **GRANTED, without prejudice.**   A separate judgment on the complaint will be entered by the court.

###